UNITED STATES of America, Appellee,

v.

Terry D. WILLIAMS, Appellant.

No. 04–4182.

United States Court of Appeals, Eighth Circuit.

Submitted: Sept. 7, 2005.

Decided: Sept. 14, 2005.

Rudolph R. Rhodes, IV, U.S. Attorney's Office, Kansas City, MO, for Appellee.

Larry Curtis Pace, Federal Public Defender's Office, Kansas City, MO, for Appellant.

Terry D. Williams, Osceola, MO, Pro Se.

Before ARNOLD, FAGG, and SMITH, Circuit Judges.

PER CURIAM.

Terry Williams pleaded guilty to being a felon in possession of firearms. The presentence report recommended an increase in base offense level for possessing the firearms in connection with another felony; Mr. Williams objected to this enhancement under *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). At sentencing, the district court [1] stated that it could use the Guidelines for advisory purposes, and found by a preponderance of the evidence that Mr. Williams had possessed the firearms in connection with drug sales. Applying the enhancement and arriving at a Guidelines impris-

---

1. The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

onment range of 57–71 months, the court imposed a sentence of 57 months in prison and 3 years' supervised release. Mr. Williams appeals his sentence, arguing that the enhancement was erroneous under *Blakely* and *United States v. Booker,* — U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

We conclude that the district court did not err in applying the enhancement under an advisory Guidelines scheme, and that the sentence was not unreasonable. *See Booker,* 125 S.Ct. at 756–57, 764–67 (Guidelines are only advisory, courts should review sentences for unreasonableness); *United States v. Pirani,* 406 F.3d 543, 551 (8th Cir.2005) (en banc) (holding *Booker* error is avoided when district court calculates proper Guidelines sentencing range, treats Guidelines as advisory, and imposes reasonable sentence), *petition for cert. filed,* (U.S. July 27, 2005) (No. 05–5547). Accordingly, we affirm.